**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| DENISE L. BERNS,<br><br>  Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>  Defendant. | No. C18-2068-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

_____

## I. INTRODUCTION

This case is before me on a Report & Recommendation (R&R) by the Honorable Mark A. Roberts, United States Magistrate Judge. Doc. No. 21. Judge Roberts recommends that I affirm the decision of the Commissioner of Social Security (the Commissioner) denying plaintiff Denise Berns' application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401–34. Berns has filed objections to the R&R (Doc. No. 22) and the Commissioner has responded (Doc. No. 24).

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003) (quoting

*Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998)). The Eighth Circuit has explained that the standard "is something less than the weight of the evidence and allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quoting *Turley v. Sullivan*, 939 F.2d 524, 528 (8th Cir. 1991)).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003). However, the court does not "reweigh the evidence presented to the ALJ," *id.* at 555, or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citation omitted).

If, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (citation omitted). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Berns alleges disability beginning July 1, 2015,[1] due to autoimmune disease, arthritis, vision loss, muscle pain, slow digestion, fatigue, dry mouth/throat, chronic bronchitis, spinal pain, skin lesions and trigeminal pain. AR 11–14, 116–17. She applied for DIB on April 8, 2015, though she worked until May 2015 and received payments from her last employer up through the first quarter of 2016. *Id.* at 14, 239. The Social Security Administration (SSA) denied Berns' application for DIB initially and on reconsideration. *Id.* at 116–30, 133–47. After a hearing, an Administrative Law Judge (ALJ) applied the familiar five-step evaluation process and found that Berns was not disabled because she is capable of performing her past relevant work as a medical secretary. *Id.* at 11–21. The Appeals Council denied Berns' request for review, after which Berns timely filed a complaint requesting judicial review by this court. *Id.* at 1–3; *see also* Doc. Nos. 1, 17, 19.

#### A. *Berns' Arguments*

Berns asserts that the Commissioner's decision should be reversed and her case remanded for three reasons. First, she argues that the ALJ's finding that she can perform her past relevant work is not supported by substantial evidence. Doc. No. 17 at 3–5. Specifically, she argues that the ALJ failed to resolve a conflict between his physical residual functional capacity (RFC) findings and the vocational expert's (VE) testimony. *Id.* The ALJ's hypothetical limited Berns to reaching overhead only occasionally, while her prior work as a medical secretary, which the VE testified she could perform, is described in the Dictionary of Occupational Titles (DOT) as requiring frequent reaching. *Id.* at 3. As such, the VE's testimony cannot constitute substantial evidence to support

---

[1] Berns' initial alleged onset date was March 1, 2014. AR 11. However, during her hearing Berns amended the date to June 1, 2015, and the ALJ ultimately accepted July 1, 2015, as Berns' alleged onset date for purposes of his analysis. *Id.* at 11–14; Doc. No. 14 at 2.

4

the ALJ's findings. *Id.* She also argues that the record, especially her subjective complaints, does not otherwise support a finding that she could perform her past work as it was actually performed. *Id.* at 4–5.

Second, Berns argues that the ALJ failed to fully and fairly develop the record regarding her physical RFC. *Id.* at 5–7. She contends that the ALJ should have ordered a consultative examination regarding her pain and fatigue issues, which are her primary grounds for seeking disability. *Id.* at 6–7. Without such an exam, she argues that the ALJ's RFC determinations were not supported by proper medical evidence. *Id.*

Finally, Berns argues that the ALJ who ruled on her case was not properly appointed in accordance with the requirements of *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018). *Id.* at 7–10. Therefore, her case should be remanded for a new hearing before a judge who has been properly appointed. *Id.*

### B. The Commissioner's Arguments

In response to Berns' first argument, the Commissioner concedes that there is a conflict between VE's opinion and the ALJ's hypothetical due to the DOT's description of the general performance requirements of a medical secretary. Doc. No. 18 at 8. However, the Commissioner argues that the ALJ's finding at step four was supported by substantial evidence because the VE's testimony was accurate in regard to how Berns' work as a medical secretary was actually performed. *Id.* The Commissioner asserts that the record shows Berns' past work did not require any reaching, meaning the VE's testimony did not conflict with the ALJ's hypothetical. *Id.* at 8–9. The Commissioner also argues that the record as a whole supports the ALJ's conclusion at step four. *Id.* at 9–17.

Next, the Commissioner argues that the ALJ did not fail to fully develop the record regarding Berns' physical pain (allegedly fibromyalgia). *Id.* at 17–22. According to the Commissioner, the ALJ had sufficient medical evidence, including the opinions of the state agency medical experts, to determine Berns' physical RFC. *Id.* at 18–19.

Because there were medical opinions and other medical evidence regarding Berns' RFC, the ALJ was not required to develop the record further. *Id.* at 19–20.

Finally, the Commissioner notes that this Court has repeatedly rejected Appointments Clause challenges when the issue was not raised during administrative proceedings. *Id.* at 22. The Commissioner urges this Court to reach the same conclusion in this case. *Id.* at 22–35.

C.   ***Judge Roberts' Analysis***

In addressing Berns' first argument, Judge Roberts concluded that substantial evidence supported the ALJ's determination that she could perform her past work as a medical secretary. Doc. No. 21 at 28. Although Judge Roberts agreed that there was an issue with the VE's testimony regarding the general performance requirements for a secretary, he concluded that the VE's testimony was consistent with the record of how Berns' job was actually performed. *Id.* at 26. Specifically, Judge Roberts agreed with the ALJ that Berns' work history report, medical records, and her reports about her daily activities, contradicted her subjective complaints and provided substantial evidence that she could continue to work as a medical secretary. *Id.* at 8–17, 26–28.

Next, Judge Roberts concluded that the ALJ did not fail to fully develop the record because the ALJ relied on the RFC opinions of two state agency physicians whose opinions were supported by substantial evidence. *Id.* at 21–24. Judge Roberts noted that consultative exams are typically required only when the record is ambiguous or otherwise does not contain sufficient medical evidence to properly form an RFC. *Id.* He found that neither of these issues is present here. *Id.* at 23–24.

Finally, Judge Roberts addressed the Appointments Clause challenge. *Id.* at 28–31. He acknowledged that this case contains one minor procedural difference from those of other Social Security claimants who raised Appointments Clause challenges for the first time at the district court level, as the Appeals Council denied review of her claim shortly after the decision in *Lucia*. *Id.* at 28. However, finding her arguments practically

indistinguishable from those addressed by numerous prior cases holding that claimants forfeit an Appointments Clause challenge when it is not raised before an ALJ's decision becomes final, Judge Roberts recommends denying reversal on this issue. *Id.* at 28–31.

## IV.  DISCUSSION

Berns' objections to the R&R largely echo the arguments raised in her principal brief. First, she reasserts that the ALJ's conclusion at step four, that she could perform her prior work as a medical secretary, was not supported by substantial evidence. Doc. No. 22 at 1–4. Second, she argues that the ALJ failed to develop the record regarding her pain and fatigue because there was confusion about the source of her pain and no source, other than the state agency physicians, provided an opinion about how that pain and fatigue affected her ability to work. *Id.* at 4. Third, she reasserts that the ALJ was not validly appointed. *Id.* at 4–9. Because any error in the ALJ's RFC determination would affect the need for, or nature of, any further analysis regarding the ALJ's conclusions at step four, I begin with that issue.

### A.  *Development of the Record Regarding Berns' RFC*

Berns argues that the ALJ failed to fully develop the record regarding her physical limitations due to her fatigue and pain. Doc. No. 17 at 5–7. She contends that the ALJ relied on his own inferences and interpretations of the medical record rather than seeking the opinion of an examining or treating physician. *Id.* at 6–7. According to Berns, the ALJ should have ordered a consultative examination to better understand the underlying causes of her pain and how the combination of her impairments affected her ability to work. *Id.* at 6.

A claimant's RFC is "what [the claimant] can still do" despite his or her physical or mental limitations. 20 C.F.R. §§ 404.1545(a)(1). To determine a claimant's RFC, the ALJ must evaluate "all of the relevant medical and other evidence" in the record. *See* 20 C.F.R. § 404.1545(a)(3); *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000).

7

"Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). However, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

The claimant has the burden to prove his or her RFC. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). However, an ALJ has a duty to develop the record fully and fairly, independent of the claimant's burden to press his or her case. *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010). "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995) (quoting *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994)).

The record in this case is largely devoid of RFC opinions from Berns' treating and examining sources. AR 15–20; *but see id.* at 20, 999 (Berns' ophthalmologist submitted a letter regarding her ability to sit in front of a computer screen). Thus, the bulk of the ALJ's RFC analysis discusses medical findings and test results that addressed Berns' ailments, symptoms and physical abilities generally rather than how Berns' impairments and symptoms affect her ability to perform specific work tasks. *Id.* This was not necessarily error, however. When no medical opinion evidence regarding a claimant's RFC is available, "medical records prepared by the most relevant treating physicians [can] provide affirmative medical evidence supporting the ALJ's residual functional capacity findings." *Hensely v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (alteration in original) (quoting *Johnson v. Astrue*, 628 F.3d 991, 995 (8th Cir. 2011)).

Even if the ALJ's lengthy analysis of Berns' medical record, on its own, was not sufficient to support the ultimate RFC determination, the ALJ's reliance on the RFC opinions of state agency physicians was. At the end of his analysis, the ALJ specifically referenced the RFC opinions of the state agency physicians who reviewed Berns' case, explained that his analysis and conclusions matched theirs and gave their RFC opinions

great weight. *Id.* at 20. The ALJ's resulting RFC is almost identical to those of the state agency physicians. *Id.* at 15, 125–28, 142–45. The ALJ actually found greater limitation regarding Berns' ability to use her left hand. *Id.*

With such extensive medical evidence in the record – including the opinions of two state agency physicians - the ALJ was not required to seek other medical opinions. I agree with Judge Roberts that the ALJ fulfilled his duty to fully and fairly develop the record and that the RFC determination is supported by substantial evidence. Berns' objection is overruled.

### B.   *The ALJ's Step Four Conclusion*

Berns argues that the ALJ's step-four conclusions are not supported by substantial evidence for two reasons. First she asserts that the VE's testimony about Berns' ability to perform her past relevant work as a medical secretary could not provide substantial evidence because it conflicted with the DOT's entry for that position. She contends that the unresolved conflict between the VE's testimony and the DOT regarding reaching requirements prohibited the ALJ from relying on that testimony. Second, Berns argues that the record lacks substantial evidence that Berns can still perform her past relevant work. Specifically, she argues the ALJ failed to adequately consider her subjective complaints about how she was incapable of continuing to work as a medical secretary.

At step four of the disability evaluation process, the ALJ (1) determines the claimant's RFC, (2) evaluates evidence regarding the demands of the claimant's past relevant work and (3) determines whether the claimant can still perform the past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (e), 404.1560; SSR 82-62, 1982 WL 31386, at *2–4 (Jan. 1, 1982). A claimant who can still perform past relevant work "as previously done or[,] . . . as it is generally performed in the national economy," is not disabled. *Lowe v. Apfel*, 226 F.3d 969, 973 (8th Cir. 2000); *see also* 20 C.F.R. § 1520(4)(iv). In other words, an ALJ may find that a claimant is not disabled if either (1) the plaintiff can still perform past relevant work as it was actually performed or (2) the plaintiff can

9

perform past relevant work based on the general requirements for such work. *Wagner v. Astrue*, 499 F.3d 842, 853 (8th Cir. 2007); *Lowe*, 226 F.3d at 973. The claimant bears the burden of establishing that he or she cannot perform past relevant work. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).

In determining whether a claimant can perform past relevant work, an ALJ may, but need not, obtain the testimony of a VE. *Wagner*, 499 F.3d at 853; *Barrett v. Shalala*, 38 F.3d 1019, 1024 (8th Cir. 1994). When receiving VE testimony, the ALJ must "ask about any possible conflict" between the VE's testimony and "information in the DOT." SSR 00-4p, 2000 WL 1898704, at*4 (Dec. 4, 2000). When a conflict exists, the ALJ has an "affirmative responsibility" to ask about the conflict and receive an explanation regarding that conflict before relying on the VE testimony. *Welsh v. Colvin*, 765 F.3d 926, 929 (8th Cir. 2014). "VE testimony that conflicts with the DOT 'does not constitute substantial evidence upon which the Commissioner may rely to meet the burden.'" *Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir. 2014) (quoting *Kemp v. Colvin*, 743 F.3d 630, 632 (8th Cir. 2014)).

The parties agree that the VE's testimony conflicted with the DOT. Thus, the VE's testimony cannot provide substantial evidence that Berns can perform "[t]he functional demands and job duties of a medical secretary as generally required by employers throughout the national economy." *Wagner*, 499 F.3d at 853. The parties disagree only about whether substantial evidence – from VE testimony or from the record as a whole – supports that ALJ's conclusion that Berns can perform her work as a medical secretary as she actually performed it.

In stating that Berns could perform her past relevant work as a medical secretary in response to the ALJ's hypothetical, which ultimately became the RFC, the VE relied primarily on Berns' work history report. AR 108–09. Berns has not presented any argument as to why the VE's testimony does not provide substantial evidence regarding her ability to perform her work as a secretary as actually performed. Instead, she focuses on how her subjective complaints of pain and fatigue, as well as her alleged fibromyalgia,

prevent her from performing such work. Doc. No. 17 at 3–5; Doc. No. 19 at 2–4; Doc. No. 22 at 2–4. She argues that she has had good days and bad days with pain, and the ALJ failed to adequately consider how her bad days affect her ability to work. Doc. No. 17 at 4. Thus, Berns essentially, albeit indirectly, challenges the underlying hypothetical and, therefore, the ALJ's eventual RFC determination.

Because Berns has not challenged the VE's testimony that she could perform her past work as actually performed (an opinion that was based, in part, on Berns' own reports about her past work), I cannot find that the VE testimony fails to provide substantial evidence supporting that ALJ's step four conclusion. However, even without the VE testimony, I agree with Judge Roberts that the ALJ's conclusion was supported by substantial evidence. The ALJ considered Berns' complaints of pain and fatigue and acknowledged that she dealt with pain from multiple conditions. AR 16–17. Despite Berns' allegations of pain, the ALJ found that the medical record revealed that her conditions were either adequately controlled, not as severe as she alleged or inconsistent with her reported daily activities. *Id.* at 17–20.

I find little merit in Berns' argument regarding having good days and bad days. While such factors are generally relevant to an RFC analysis, Berns did not provide evidence regarding the frequency or severity of her bad days. Without such evidence, I cannot say that the ALJ failed to appropriately analyze it.

What Berns essentially asks is for the court to find that her subjective complaints of pain, and accompanying verification in treatment records, outweigh the evidence cited to support the ALJ's conclusion. However, my duty is to determine whether there is substantial evidence to support the ALJ's conclusion, not to reweigh the evidence. Based on my de novo review, I find that substantial evidence – from VE testimony and the record as a whole – supports the ALJ's conclusions. As such, I agree with Judge Roberts that the Commissioner's disability determination should be affirmed. Berns' objection is overruled.

## C. *Appointments Clause Challenge*

Berns argues for reversal and remand because the ALJ was not appointed as required under the Supreme Court's holding in *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018). Doc. No. 22 at 4–8. She notes that the Eighth Circuit Court of Appeals heard oral argument on November 13, 2019, in consolidated cases addressing this issue. *Id.* at 5. She requests a delay in judgment until the Eighth Circuit issues its decision. *Id.* To further support her argument, she also notes the Third Circuit held, in *Cirko o/b/o Cirko v. Comm'r, Soc. Sec.*, 2020 WL 370832 (3rd Cir. Jan. 23, 2020), that agency issue exhaustion is not required for constitutional claims for Social Security disability claimants seeking judicial review in federal district court. *Id.* at 5–6. In the alternative, Berns argues that this court should conduct a discretionary review of her Appointments Clause challenge pursuant to *Freytag v. Commissioner*, 501 U.S. 868 (1991). *Id.* at 8–9.

The Third Circuit's decision in *Cirko* is not binding on this court. Multiple district courts outside the Third Circuit have declined to follow its holding. *See Gagliardi v. Soc. Sec. Admin.*, Case No. 18-cv-62106-BLOOM/Valle, 2020 WL 966595, at *4–6 (S.D. Fla. Feb. 28, 2020); *Streich v. Berryhill*, No. 3:18-cv-01977 (RAR), 2020 WL 563373, at *2–3 (D. Conn. Feb. 5, 2020); *Ricks v. Comm'r of Soc. Sec.*, No. 18-1097-RLB, 2020 WL 488285, at *3–4 (M.D. La. Jan. 30, 2020); *Ramazetti v. Comm'r of Soc. Sec.*, No. 8:19-cv-260-T-MAP, 2020 WL 428950 (M.D. Fla. Jan. 28, 2020). Others have adopted it or reached similar conclusions. *See Suarez v. Saul*, No. 3:19-cv-00173 (JAM), 2020 WL 913809 (D. Conn. Feb. 26, 2020); *Tommy A.D. v. Saul*, Case No. 18-CV-536-FHM, 2020 WL 905213 (N.D. Okla. Feb. 25, 2020); *McCray v. Soc. Sec. Admin.*, No. CIV 19-0090 JB/GBW, 2020 WL 429232 (D.N.M. Jan. 28, 2020). Until the Eighth Circuit decides otherwise, I stand by my previous decisions that "claimants have forfeited the Appointments Clause issue by failing to raise it during administrative proceedings." *See, e.g.*, *Gilbert v. Saul*, No. C18-2045-LTS, 2019 WL 4751552, at *19–20 (N.D. Iowa Sept. 30, 2019).

Finally, and as Judge Roberts explained, every district court within the Eighth Circuit to consider this issue has reached the same conclusion as to the Appointments Clause challenge, as have the majority of courts around the country. *See* Doc. No. 21 at 29–31. I therefore decline to stay this matter pending the Eighth Circuit's decision in the consolidated cases. This objection is overruled.

### *V.    CONCLUSIONS*

For the reasons set forth herein:

1. Plaintiff's objections (Doc. No. 22) to the Report and Recommendation (Doc. No. 21) are **overruled**.

2. I **accept** the Report and Recommendation (Doc. No. 21) **without modification**. *See* 28 U.S.C. § 636(b)(1).

3. Pursuant to Judge Roberts' recommendation:

    a. The Commissioner's disability determination is **affirmed**; and

    b. Judgment shall enter against plaintiff and in favor of the Commissioner.

**IT IS SO ORDERED.**

**DATED** this 23rd day of March, 2020.

_____
Leonard T. Strand, Chief Judge